### UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| NEODRON LTD., | |
| Plaintiff, | Case No.  6:21-cv-546 |
| v. | **JURY TRIAL DEMANDED** |
| RENESAS ELECTRONICS CORPORATION; RENESAS ELECTRONICS AMERICA INC.; RENESAS TECHNOLOGY AMERICA, INC., | |
| Defendants. | |

### COMPLAINT FOR PATENT INFRINGEMENT
### AGAINST RENESAS ELECTRONICS CORPORATION, RENESAS ELECTRONICS AMERICA, INC., AND RENESAS TECHNOLOGY AMERICA, INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. §1 *et seq.*, in which Plaintiff Neodron Ltd. ("Plaintiff" or "Neodron") makes the following allegations against Defendants Renesas Electronics Corporation, Renesas Electronics America Inc., and Renesas Technology America, Inc. (collectively "Renesas" or "Defendants"):

### INTRODUCTION

1.     This complaint arises from Renesas's unlawful infringement of the following United States patent owned by Neodron, each of which generally relate to touchscreen technology: United States Patent No. 9,024,790 ("'790 Patent") (collectively, the "Asserted Patent").

2.     Touchscreen technology plays a ubiquitous and important role in countless electronic devices today. Beyond just providing greater usability to smartphones, tablets and notebooks, touchscreens now fill our lives in public and private spaces, from our homes and cars

1

to the restaurants and stores we visit.

3.     But just a few decades ago, touchscreen technology could only be found in science fiction books and film. Although the underlying science behind touch technology can be traced back to the 1940s, working touchscreens were not conceived and feasible until the mid-1960s, when the first finger-driven touchscreen was invented by E.A. Johnson in 1965 at the Royal Radar Establishment in Malvern, United Kingdom. Since then, it took several generations and major technological advancements for touchscreens to achieve the level of complexity—and convenience—we see and enjoy today.

4.     Built on the fundamental breakthrough that our hands and fingers can form changes in the capacitance of electrodes and electrode-connections when they are in close proximity to them, touch technology has developed rapidly over the years. Along the way, engineers have worked tirelessly to try to overcome the limitations and roadblocks touch technology presents. From conceiving various ways to detect (and correctly ignore) unintentional touches, to minimizing signal "noise," to reducing the latency and power consumption that comes with any complex, multi-part electrical process, there have been many advances to various aspects of the technology—each building a little on a related advancement before it—to get us to the highly advanced state we enjoy today.

5.     These advancements range from fundamental ones, which make basic touch technology work, to optional improvements, which typically represent one technological option that improves aspects of the user experience and functionality of a touchscreen. This infringement action is about the latter: several patented improvements—which took years of research and millions of dollars in U.S. investments to develop, and which are infringed by Renesas's accused products.

## PARTIES

6.      Plaintiff Neodron Ltd. is an Irish company, having its principal place of business at Suite 23, The Hyde Building, Carrickmines, Dublin 18, Ireland. Neodron is the sole owner by assignment of all right, title, and interest in each Asserted Patent.

7.      On information and belief, Defendant Renesas Electronics Corp. is a corporation organized under the laws of Japan, with its principal place of business at Toyosu Foresia, 3-2-24 Toyosu, Koto-ku, Tokyo 135-0061, Japan.

8.      On information and belief, Defendant Renesas Electronics America Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 1001 Murphy Ranch Road, Milpitas, CA 95035.

9.      On information and belief, Defendant Renesas Technology America, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1001 Murphy Ranch Road, Milpitas, CA 95035.

## JURISDICTION AND VENUE

10.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.      This Court has personal jurisdiction over Renesas in this action because Renesas has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Renesas would not offend traditional notions of fair play and substantial justice. Renesas, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted

patent.

12.     Venue is proper in this District under 28 U.S.C. §1400 (b). Upon information and belief, Renesas has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patent. Renesas has regular and established places of businesses in this District, including at 900 S. Capital of Texas Hwy, Las Cimas IV, Suite 250, Austin, Texas 78746. *See* Exhibit 1.

13.     Furthermore, venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3); *In re HTC Corp*., 889 F.3d 1349 (Fed. Cir. 2018). Defendant Renesas Electronics Corp. is  foreign corporation organized under the laws of Japan, with its principal place of business in Japan.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,024,790

14.     *Neodron* realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15.     Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 9,024,790 (the "'790 Patent"), entitled "Capacitive Keyboard with Non-Locking Reduced Keying Ambiguity." The '790 Patent was duly and legally issued by the United States Patent and Trademark Office on May 5, 2015. A true and correct copy of the '790 Patent is attached as Exhibit 2.

16.     On information and belief, Renesas makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), including Renesas RX microcontrollers with capacitive touch, such as RX113, RX231, RX230, and RX130, that directly infringe, literally

and/or under the doctrine of equivalents, claims 1-24 of the '790 Patent.

17.     Renesas also knowingly and intentionally induces infringement of claims 1-24 of the '790 Patent in violation of 35 U.S.C. §271 (b). Through the filing and service of this Complaint, Renesas has had knowledge of the '790 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '790 Patent, Renesas continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '790 Patent. Renesas does so knowing and intending that its customers and end users will commit these infringing acts. Renesas also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '790 Patent, thereby specifically intending for and inducing its customers to infringe the '790 Patent through the customers' normal and customary use of the Accused Products.

18.     The Accused Products satisfy all claim limitations of claims 1-24 of the '790 Patent. A claim chart comparing independent claims 1, 7, and 13 of the '790 Patent to a representative Accused Product, RTK0EG0003S02001BJ Capacitive Evaluation Kit, is attached as Exhibit 3.

19.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Renesas has injured Neodron and is liable for infringement of the '790 Patent pursuant to 35 U.S.C. §271.

20.     As a result of Renesas's infringement of the '790 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Renesas's infringement, but in no event less than a reasonable royalty for the use made of the invention by Renesas, together with interest and costs as fixed by the Court.

21.     Renesas's infringing activities have injured and will continue to injure Neodron,

unless and until this Court enters an injunction prohibiting further infringement of the '790 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, Neodron respectfully requests that this Court enter:

a.      A judgment in favor of Neodron that Renesas has infringed, either literally and/or under the doctrine of equivalents, the '790 Patent;

b.      A permanent injunction prohibiting Renesas from further acts of infringement of the '790 Patent;

c.      A judgment and order requiring Renesas to pay Neodron its damages, costs, expenses, and pre-judgment and post-judgment interest for Renesas's infringement of the '790 Patent;

d.      A judgment and order requiring Renesas to provide an accounting and to pay supplemental damages to Neodron, including without limitation, pre-judgment and post-judgment interest;

e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Neodron its reasonable attorneys' fees against Renesas; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Neodron, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: May 28, 2021

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA Bar No. 246953)
Kristopher Davis (CA Bar No. 329627)
C. Jay Chung (CA Bar No. 252794)
Christian W. Conkle (CA SBN 306374)
Jonathan Ma (CA Bar No. 312773)
Amy E. Hayden (CA Bar No. 287026)
Philip X. Wang (CA Bar No. 262239)
RUSS, AUGUST & KABAT
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
rmirzaie@raklaw.com
kdavis@raklaw.com
jchung@raklaw.com
cconkle@raklaw.com
jma@raklaw.com
ahayden@raklaw.com
pwang@raklaw.com

**Attorneys for Plaintiff Neodron Ltd.**